IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARNETTA SWIFT, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>FOXHALL, and UNKNOWN JOHN )<br>DOE, employee, )<br>)<br>Defendants. )<br>) | 8:16CV151<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff filed her Complaint in this matter on April 8, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 15.) The court now conducts and initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that on March 23, 2016, Judge Coffey ordered that she be released from Douglas County Jail, but that she was held an extra 2 to 3 days. She seeks relief in the amount of $100,000,000.00.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff contends that Defendants failed to follow a court order which directed that she be released from custody. However, because Plaintiff's Complaint does not specify whether she is suing Defendants in their official or individual capacities, this court presumes they are sued in their official capacities only. *See* Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must

expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, Douglas County, Nebraska. *See* [Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992)](#) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)). Douglas County can only be liable under § 1983 if a municipal policy or custom caused Plaintiff's injury. *See* [Monell v. New York Department of Social Services, 436 U.S. 658, 694 (1978)](#). Plaintiff has not made allegations supporting such a claim.

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by August 1, 2016, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: August 1, 2016, check for amended complaint.

DATED this 1st day of July, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge